# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1872V
Filed: November 29, 2018
UNPUBLISHED

| | |
|---|---|
| SARA ZUTTER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Brenton Aaron Elswick, Maglio Christopher & Toale, Seattle, WA,* for petitioner.
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On December 4, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on September 30, 2016. Petition at ¶¶1, 4. The petitioner also alleges that neither she nor any other party has ever brought an action or received compensation in the form of an award of settlement for her vaccine-related injuries. *Id.* at ¶¶15, 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On August 16, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA.  On November 29, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $82,500.00, representing $80,000.00 for pain and suffering and $2,500.00 for unreimbursed medical expenses.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $82,500.00, representing $80,000.00 for pain and suffering and $2,500.00 for unreimbursed medical expenses, in the form of a check payable to petitioner, Sara Zutter.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

                                                    **s/Nora Beth Dorsey**
                                                    Nora Beth Dorsey
                                                    Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| SARA ZUTTER, | ) | |
| Petitioner, | ) | No. 17-1872V   ECF |
| v. | ) | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| Respondent. | ) | |

### PROFFER ON AWARD OF COMPENSATION[1]

**I.     Procedural History**

On December 4, 2017, Sara Zutter ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza ("flu") vaccine on September 30, 2016, she suffered from a left shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-4. On August 16, 2018, respondent filed his Vaccine Rule 4(c) report, conceding that petitioner's alleged injury meets the Table criteria for SIRVA. On August 16, 2018, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$82,500.00** ($80,000.00 for pain and suffering, and $2,500.00 for unreimbursed

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

medical expenses) for all damages.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$82,500.00**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

>
> Respectfully submitted,
>
> JOSEPH H. HUNT
> Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division
>
> CATHARINE E. REEVES
> Deputy Director
> Torts Branch, Civil Division
>
> GABRIELLE M. FIELDING
> Assistant Director
> Torts Branch, Civil Division
>
> */s/Darryl R. Wishard*
> DARRYL R. WISHARD
> Senior Trial Attorney
> Torts Branch, Civil Division
> U. S. Department of Justice
> P.O. Box l46, Benjamin Franklin Station
> Washington, D.C.  20044-0146
> Direct dial: (202) 616-4357

Dated:  November 29, 2018              Fax: (202) 616-4310

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.